IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JORGE LUIS PERALTA-HERNANDEZ,
        Petitioner,

v.                                                    Civil action no. 3:04CV41
                                                     Criminal action no. 3:03CR39

UNITED STATES OF AMERICA,
        Respondent.

## REPORT AND RECOMMENDATION

## I. PROCEDURAL HISTORY

On May 14, 2004, the *pro se* petitioner, Jorge Luis Peralta-Hernandez, filed a Motion to Vacate or Reduce Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum in Support. By order entered on July 12, 2004, the Court ordered the respondent to answer the motion. On August 10, 2004, the respondent filed Motion of the United States to Dismiss and Response to Petitioner's Motion Made Pursuant to 28 U.S.C. § 2255. On August 30, 2004, the petitioner filed a Reply to Government's response. On September 3, 2004, the petitioner filed a Supplement to 28 U.S.C. § 2255.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15 and the May 18, 2004 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge, is ripe for review.

**A. Indictment**

The petitioner was indicted by a grand jury for the United States District Court for the Northern District of West Virginia of conspiracy to distribute methamphetamine pursuant to 21 U.S.C. §846.

## B. Plea

On June 30, 2003, the petitioner signed a plea agreement wherein he agreed to pled guilty to conspiracy to possess with the intent to distribute and to distribute methamphetamine. The petitioner entered his plea in Court on July 25, 2003.

## C. Sentencing

On October 21, 2003, the petitioner appeared before the Court for sentencing. The Court sentenced the petitioner to 70 months imprisonment.

## D. Federal Habeas Corpus

### Petitioner's Contentions

(1) Ineffective assistance of counsel.

    (a) Counsel failed to investigate the petitioner's case.

    (b) Counsel failed to object to denial of two level reduction for Minor Participant pursuant to U.S.S.G. § 3B1.2.

### Government's Response

(1) The petition should be dismissed because he waived his right to collaterally attack his sentence.

(2) The petitioner was not provided ineffective assistance of counsel.

(3) The petitioner was not entitled to a 2 level reduction for his role in the offense.

### Petitioner's Supplemental Motion

The petitioner alleges he did not sufficiently speak English to engage in a drug transaction with a non-Spanish speaking person.

## E. Recommendation

Based upon my review of the record, I recommend the petitioner's motion be denied.

## II. ANALYSIS

### A. Waiver

The respondent asserts that the petitioner's § 2255 motion should be dismissed because he waived his right to collaterally attack his sentence.

The Fourth Circuit has held that waiver of appellate rights in a plea agreement is valid as long as it is knowing and voluntary. United States v. Attar, 38 F.3d 727 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that it saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights. Thus, the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights and referenced "United States v. Marin, 961 F.2d 493 (4th Cir.1992) ('[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.'); United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings)." Id. at 220, n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a § 2255 motion despite a waiver of the right to file a collateral attack. Nonetheless, the Fourth Circuit reiterated that it saw no reason to treat waivers of collateral attack rights different

than waivers of direct appeal rights. Id.

In the instant case, the petitioner is raising a claim of ineffective assistance of counsel during sentencing. Based on footnote 2 in Lemaster, the undersigned finds that the waiver of the right to collaterally attack does not bar the petitioner's claim that his attorney was ineffective regarding sentencing. Thus, the undersigned recommends that the respondent's motion to dismiss be denied.

**B. Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

"Ineffective assistance claims in the guilty plea context are usually evaluated under standards

4

announced in Hill v. Lockhart, 474 U.S. 52 (1984)[1], but since [the petitioner ] does not challenge his counsel's actions in relation to the entry of his guilty plea, a Strickland analysis is appropriate." United States v. Hanger, 991 F.2d 791 (4th Cir. 1993) (Table); United States v. Whisonant, 229 F. 3d 1145 (4th Cir. 2000) ; Royal v. Taylor, 188 F. 3d 239 (4th Cir. 1999).

The petitioner alleges on June 3, 2003, his cousin asked him for a ride to the Family Dollar store so he could pick up $24,000 from an individual. The petitioner drove his cousin to Family Dollar and met an FBI Agent.[2] The petitioner states that the agent was not fluent in Spanish so "although not fluent in English" he translated for his cousin. The petitioner states that the Agent asked for onion which he knew nothing about.

According to the petitioner, he should have received a 2 point departure for his role in the offense under U.S.S.G. §3B1.2 because he lacked understanding or knowledge about the criminal enterprise. He further alleges that "other than Petitioner's translation on a single incident, there is no evidence that suggests that Petitioner was a drug dealer." (Pet. p. 9). He further asserts he "never handled the drug, never saw the money, never negotiated and was less culpable than his co-defendant." (Id. p. 10). He further asserts he was given a safety valve reduction which indicates he was believed.

The respondent asserts that during the plea hearing, Trooper Bean testified that he paid the

---

[1]A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985)

[2]The respondent asserts that Brian Bean, a trooper for the West Virginia State Police and member of the Eastern Panhandle Drug & Violent Crimes Task Force, investigated the case and that Trooper Bean is not an FBI Agent.

petitioner $24,000 for methampthetamine. When Bean met with the petitioner, the petitioner advised him that he could get more methamphetamine and cocaine.

According to the petitioner, he advised his attorney that Agent Bean's testimony was false but he did not nothing. He further asserts that his attorney failed to establish that the petitioner was surprised to hear Bean ask for "onions" as he was not familiar with that term.

U.S.S.G. § 3B1.2 provides:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

In determining whether a reduction is warranted under U.S.S.G. § 3B1.2. the "critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotation omitted). A defendant's role in the offense is determined by his relevant conduct. United States v. Fells, 920 F. 2d 1179 (4th Cir. 1990), cert. denied, 501 U.S. 1219 (1991). Further, a defendant must show by a preponderance of the evidence that he is entitled to the downward adjustment he seeks. United States v. Gordon, 895 F.2d 932, 935 (4th Cir.), cert. denied, 498 U.S. 846 (1990).

The petitioner has not rebutted Trooper Bean's sworn testimony at the plea hearing that the petitioner was a material part of the conspiracy. Instead, the petitioner solely relies on his own self-serving statements. Moreover, the petitioner has pointed to no evidence to support his position that

he is entitled to a reduction for his role in the offense. Therefore, he is not entitled to a 2 level departure for his role in the offense and his attorney was not ineffective for failing to object to the denial of a reduction for his role in the offense.

## C. Evidentiary Hearing

"Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief, the statute makes a hearing mandatory." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

The petitioner's motion and the Government's response reveal the petitioner is entitled to no relief. Thus, the petitioner is not entitled to an evidentiary hearing.

## III. RECOMMENDATION

For the reasons stated herein, it is accordingly recommended that the Court enter an Order **DENYING** the Government's motion to dismiss because the waiver in the plea agreement does not bar the petitioner's claim and **DENYING WITH PREJUDICE** the § 2255 motion and supplemental motion of Jorge Luis Peralta-Hernandez and and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[3]

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

7

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: July 1, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE